ELIZABETH HOLMES BUCK
*vs.*
MAINE CENTRAL TRANSPORTATION COMPANY

Hancock.   Opinion, October 28, 1955.

*Silsby & Silsby,* for plaintiff.

*Myer Epstein,*
*Blaisdell & Blaisdell,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, WEBBER, BELIVEAU, TAPLEY, JJ.   CLARKE, J., did not sit.

WEBBER, J.   Plaintiff was a passenger on defendant's bus which was in transit from Ellsworth to Boston, Massa-

chusetts. The bus came to a stop in front of the Arrow Restaurant in Nobleboro. This restaurant was owned and operated by third parties and defendant had no control over the premises. The bus driver informed the passengers that there would be a "lunch stop for all the passengers." Plaintiff left the bus and entered the restaurant through the door on the easterly side. She ate her lunch and then proceeded in search of the ladies' room. She made no inquiry as to its location, but started to leave the restaurant through the door on the westerly side. It was then the middle of the day and broad daylight. She opened the inner door which pulled toward her and then pushed the outer door away from her to open it. Her entire explanation of the accident which then ensued is as follows: "I * * * looked out and I saw steps, and so I started to step down and the next thing I knew I was on the ground." The record discloses no other evidence which, directly or inferentially, would explain the fall. There were no eye witnesses. There is no suggestion that there were any holes or cracks in the steps or any foreign substances or accumulations thereon. The steps were semicircular in design and built of cement. The top step had a radius of 24 inches and each of the two bottom steps had a 12 inch tread. The top step projected laterally 6 inches beyond the door sill on each side. The riser was in each case about 6½ inches. Although the construction differed somewhat from the ordinary rectangular step, it is obvious that there was nothing about the steps which rendered them dangerous per se or which presented any unusual hazard to one in the exercise of due care. Moreover, it is impossible to determine from the evidence whether the construction of the steps contributed to the plaintiff's fall. It is equally possible that plaintiff carelessly stepped beyond the edge of the step and caught her heel, or missed her footing altogether, exactly as she could have when carelessly over-stepping a rectangular step. In short, we are left entirely to conjecture and surmise, which will not substitute for evidence or rea-

sonable inferences from evidence. *Winterson* v. *Pantel Realty Co.,* 282 N. W. (Neb.) 393; *Jordan* v. *Coach Company,* 150 Me. 149.

The steps which the plaintiff used when entering the premises at the easterly door were identical in construction with those at the westerly door. Here was no hidden defect. The nature of the construction was as obvious to the plaintiff as to anyone else if she but looked. Thoughtless inattention spells negligence. *Olsen* v. *Portland Water District,* 150 Me. 139.

The plaintiff does not fail in her proof merely because she herself cannot furnish the evidence necessary to show her own due care and the essential fact that her unfortunate injury was proximately caused by some negligence of the defendant. In *Thompson* v. *Frankus,* 151 Me. 54, we permitted recovery where the deficiencies in the proof coming from the plaintiff alone were met and supplied by other independent evidence. This, however, is not such a case.

Upon the evidence here, the plaintiff could not have recovered from the restaurant owner, who clearly owed to her as his business guest the duty of exercising ordinary care to keep the premises reasonably safe. It is obvious, therefore, that no liability could be imposed under these circumstances upon a defendant which neither possessed nor exercised any control over the premises whatever.

At the close of the evidence, defendant moved for a directed verdict, which was denied. Exceptions were taken. The motion should have been granted. After verdict for the plaintiff, the defendant also filed motion for a new trial. The entry will be,

> *Exceptions sustained.*
> *Motion for a new trial granted.*